## Kirschler *v.* Colonial Trust Company, Appellant.

Argued October 18, 1916.  Appeal, No. 135, Oct. T., 1916, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1914, No. 38, on verdict for plaintiff in case of Charles F. Kirschler, Receiver of the Traders' & Mechanics' Bank, a corporation, v. The Colonial Trust Company, Administrator of the Estate of Charles P. Walker, deceased.  Before BROWN, C. J., MESTREZAT, MOSCHZISKER, FRAZER and WALLING, JJ.  Affirmed.

Assumpsit on statutory liability of stockholders of a bank.  Before EVANS, J.

In addition to the facts appearing in Kirschler v.

Wainwright, 255 Pa. 525, it appears that defendant's decedent, Charles P. Walker, was the holder of 106 shares of the capital stock of the Traders' & Mechanics' Bank, successor to the Odd Fellows' Savings Bank, of the par value of $50 each, and that he filed an affidavit of defense to the action, and that subsequently the Colonial Trust Company, as administrator, was substituted as defendant and filed an affidavit of defense setting forth, among other things, that the action was barred by the statute of limitations, and subsequently by leave of court pleaded the statute of limitations.

Verdict for plaintiff by direction of the court for $14,-488.43 and judgment thereon.   Defendant appealed.

*Errors assigned* were in directing a verdict for the plaintiff and the refusal to direct a verdict for the defendant and to enter judgment for the defendant n. o. v.

*Thomas D. McCloskey,* of *Kinnear, McCloskey & Best,* for appellant.

*William A. Challener,* with him *Clarence Burleigh,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 8, 1917:

This is a companion appeal to Kirschler, Receiver, v. Walker & Wainwright, just decided.   The points involved in each are the same, except that in the case at bar this question is presented by the plaintiffs: Did the defendant enter its plea of the statute of limitations in due time, the plea, by leave of court, having been filed nunc pro tunc, after verdict for the plaintiff, as of a date prior to trial?

Since, in the other case, we have already decided that, on the facts presented, the statute of limitations was no bar to the action and the same ruling applies here, it be-

comes unnecessary to determine the above stated question raised by the appellee.

The assignments of error are overruled and the judgment is affirmed.